**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlos ALVAREZ–ESPINOZA,**
**Defendant–Appellant.**

**No. 09–10430.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2010.

Filed Dec. 6, 2010.

See also, 2009 WL 1026294 and 2009 WL 1286101.

Karla Delord, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Philip Edward Hantel, Esquire, Phoenix, AZ, for Defendant–Appellant.

Before: SCHROEDER, TALLMAN and M. SMITH, Circuit Judges.

## MEMORANDUM *

Carlos Alvarez–Espinoza was convicted of multiple crimes arising out of the hostage taking of undocumented immigrants. He appeals his conviction and sentence to a total of 137 years in prison.

■ The district court did not err in denying Alvarez–Espinoza's motion to dismiss the indictment due to the government's failure to retain a witness who provided part of the basis for the search warrant. To support a dismissal of the indictment, Alvarez–Espinoza must show that the government acted in bad faith and caused prejudice to his case, and as conceded at oral argument, he cannot make any such showing. *See United States v. Gastelum–Almeida,* 298 F.3d 1167, 1174 (9th Cir.2002).

■ The district court imposed 18 U.S.C. § 924(c)(1)(A)(ii)'s mandatory minimum seven-year sentence consecutive to the greater mandatory minimum sentences required by the subsequent firearms convictions on other counts. Alvarez–Espinoza contends this was error. The issue is the same as that recently decided by the Supreme Court in *Abbott v. United States,* —— U.S. ——, 131 S.Ct. 18, 178 L.Ed.2d 348 (2010). The Court held that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." *Id.* 131 S.Ct. at 23. There was no error.

■ Alvarez–Espinoza also contends the district court erred when it stacked the § 924(c) sentences related to the brandishing of a firearm. There was no error because under our circuit's law, "when the government charges more than one § 924(c) offense in a single indictment, each additional count is to be treated as a 'second or subsequent conviction' for purposes of 18 U.S.C. § 924(c)(1)(C)(i) and therefore carries a mandatory minimum sentence of twenty-five years. Because § 924(c)(1)(D)(ii) requires that 'no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed,' each independent § 924(c) count in the indictment imposes a *consecutive* sentence in addition to any other sentence imposed, either under § 924(c) or under any other counts for which the defendant has been convicted." *United States v. Beltran–Moreno,* 556 F.3d 913, 915 (9th Cir.2009) (emphasis in the original).

■ We have also recently held "that a sentencing court may not depart below statutory minimums based upon the § 3553(a) factors." *United States v. Wipf,* 620 F.3d 1168, 1171 (9th Cir.2010). Alvarez–Espinoza's argument that the court should have done so in this case is therefore foreclosed.

■ Our case law also forecloses the argument that the sentence constitutes cruel and unusual punishment. *See United States v. Harris,* 154 F.3d 1082, 1084 (9th Cir.1998) ("A sentence which is within the limits set by a valid statute may not be overturned on appeal as cruel and unusual.") (citations, brackets, and internal quotation marks omitted).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.